c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD, <br> Plaintiff | CIVIL ACTION NO. 3:17-CV-00628 |
| VERSUS | JUDGE JAMES |
| MORRIS E. COHEN, *ET AL.*, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Luv N' Care, LTD's ("LNC") Second Rule 11 Motion and Supporting Memorandum ("Rule 11 Motion for Sanctions"). (Doc. 54). LNC seeks sanctions against Defendants' counsel, Gordon L. James, and the law firm of Hudson, Potts & Bernstein, L.L.P. for submitting their Motion to Transfer (Doc. 21). LNC's Rule 11 Motion for Sanctions (Doc. 54) should be denied as moot.

### I. Background

Goldberg Cohen, L.L.P. is a law firm formed in 2010 to represent LNC and its affiliate Admar International, Inc. in their intellectual property matters. (Docs. 1, 6-1). Morris E. Cohen ("Cohen") is the nephew of the three founders of LNC and a first cousin to its present-day shareholders. (Docs. 1, 6-5).

Cohen and Lee A. Goldberg ("Goldberg") (collectively "Defendants") represented LNC *pro hac vice* in a Louisiana proceeding filed in the Louisiana Fourth Judicial District Court in Ouachita Parish, Luv N' Care, Ltd. v. Jackel Int'l Ltd, et

al., No. 10-1891 ("the Jackel case") (Docs. 1, 6-6).[1] At some point in the Jackel case, LNC terminated Goldberg Cohen, L.L.P.'s representation and employed new counsel. (Doc. 1).

On November 23, 2015, LNC filed a suit against Defendants in the United States District Court for the Southern District of New York for five claims of legal malpractice in various cases. On August 18, 2016, that action was dismissed as time-barred. See Luv N' Care, Ltd., et al. v. Goldberg Cohen, LLP, et al, No. 1:15-cv-09248, 2016 WL 4411419, at *7-*8 (S.D.N.Y. Aug. 18, 2016), recon. den'd, 2016 WL 6820745 (S.D.N.Y. Nov. 10, 2016), aff'd sub nom. Luv N' Care, Ltd. v. Goldberg Cohen, LLP, 703 Fed.Appx. 26 (2d Cir. 2017).

On August 19, 2016, Defendants filed a suit against LNC in the United States District Court for the Southern District of New York for breach of contract for unpaid attorney fees in the Jackel case. See Goldberg Cohen, LLP v. Luv N' Care, Ltd., et al., No. 1:16-cv-06576 (S.D.N.Y.). Defendants moved for partial summary judgment on their breach of contract claim, which was denied. See Goldberg Cohen, LLP v. Luv N' Care, Ltd., 2017 WL 3891688, at *1 (S.D.N.Y. Aug. 18, 2017). That action is still pending.

On February 3, 2017, LNC asked Defendants to turn over their client file in the Jackel case to LNC or its new counsel. (Docs. 1, 6-1, 19-1). On February 10, 2017, Defendants expressly refused to turn over LNC's client file. (Docs. 1, 6-1, 19-1).

---

[1] There was also a case filed in the United States District Court for the Eastern District of Texas, Luv N' Care, Ltd., et al., v. Jackel Int'l Ltd., et al., 2:14-cv-00855 (E.D. Tex). It does not appear that either Cohen or Goldberg was ever involved in that case.

2

On February 23, 2017, LNC filed a Rule to Show Cause against Defendants in the <u>Jackel</u> case, asking the state court to order Defendants to turn over LNC's client file to LNC's new counsel. (Docs. 6-4, 19-1, 21-1). A Rule to Show Cause was held in <u>Jackel</u> on April 19, 2017. (Docs. 6-1, 19-1, 21-1).

On March 13, 2017, LNC sued Defendants (the two partners of Goldberg Cohen, L.L.P. (Doc. 6-1)) for legal malpractice in a separate suit brought in the Louisiana Fourth Judicial District Court, <u>Luv N' Care, Ltd. v. Cohen and Goldberg</u>, No. 17-0811. (Doc. 6-5). LNC alleges that Defendants failed to turn over LNC's client file after they were terminated as LNC attorneys. LNC seeks return of the <u>Jackel</u> file and related damages. (Doc. 6-5).

Defendants removed LNC's state court legal malpractice case, No. 17-0811, to this Court on May 11, 2017. (Docs. 1, 6-7, 19). Defendants premised removal on diversity jurisdiction. (Doc. 1). Defendants also filed a "Notice" of its removal of the "related" action in the <u>Jackel</u> case. (Docs. 6-1, 19-1) Defendants then filed a Motion to Enjoin Related State Court Proceedings (Doc. 6). A Report and Recommendation has been issued recommending Defendants' Motion to Enjoin (Doc. 6) be denied. (Doc. 71).

On May 31, 2017, the Louisiana Fourth District Court in <u>Jackel</u> signed an order, filed June 1, 2017, requiring Defendants to promptly release to LNC's attorney of record the entire file relating to <u>Jackel</u>. (Doc. 23-2). LNC filed a Motion for Contempt in <u>Jackel</u> on June 7, 2017, requesting a rule date claiming Defendants failed to comply with the order. (Doc. 23-3). The Louisiana Fourth Judicial District

Court, in considering the pending federal action, withheld setting a rule date on LNC's Motion for Contempt, pending this Court's ruling on Defendants' Motion to Enjoin (Doc. 6).[2]

In the instant suit, LNC filed a Motion to Remand and Motion for Attorney Fees arguing this Court lacks subject matter jurisdiction. (Doc. 10)  A Report and Recommendation has been issued recommending the Motion to Remand (Doc. 10) be granted for lack of subject matter jurisdiction and because removal was untimely. (Doc. 71).

Defendants filed a Motion to Dismiss and Transfer for Improper Venue (Doc. 21), seeking dismissal of the action and transfer to the Southern District of New York, where a "related" action is ongoing for Defendants' attorney fees in the Jackel case. Defendants seek transfer so the New York court can address any and all issues regarding the files.  (Doc. 21).  A Report and Recommendation has been issued recommending Defendants' Motion to Dismiss and Transfer (Doc. 21) be denied since there does not appear to be federal diversity jurisdiction over this case in any federal court.  (Doc. 71).

LNC filed a Motion for Contempt for Violation of Removal Order (Doc. 23) on the basis that Defendants included pleadings from the Jackel case, unrelated to the

---

[2] It should be noted that the Jackel contempt hearing has since been heard October 5, 2017, at which time LNC proceeded without the Jackel file at issue in this suit. (Doc. 85).  Defendants have filed correspondence in response to Doc. 71 indicating that LNC made no motion in advance of the hearing for a continuance because of the pending files at issue.  (Doc. 85).  Defendants indicated LNC's oral motion the day of the hearing was summarily denied because LNC could not identify even one document that it would need from GC's withheld files for the hearing to be delayed.  (Doc. 85). Defendants also submit the Louisiana Fourth Judicial District Court denied LNC's request to keep the hearing "open" pending the outcome of the issue before this Court.  (Doc. 85).

removed state court action. A Report and Recommendation has been issued recommending LNC's Motion for Contempt (Doc. 23) be denied as moot, considering the pending recommendation for remand. (Doc. 77).

LNC also filed a Rule 11 Motion for Sanctions (Doc. 34) for Defendants' filing of pleadings (Docs. 1, 1-2, 4, 6, 14, and 19) before conducting a reasonable investigation, and essentially for improper removal of this case. A Report and Recommendation has been issued recommending LNC's Rule 11 Motion for Sanctions (Doc. 34) be denied. (Doc. 76).

Responding to Defendants' Motion Transfer, LNC filed a second Rule 11 Motion for Sanctions. (Doc. 54). LNC seeks sanctions against Defendants' counsel for signing and filing Defendants' Motion to Transfer for an "improper purpose" to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." (Doc. 54). LNC argues venue is proper in this Court solely under 28 U.S.C. § 1441(a). (Doc. 54). LNC claims Rule 12(b)(3) and 28 U.S.C. § 1406(a) are not available to transfer this action. (Doc. 54). LNC alleges Defendants' counsel knew or should have known that filing a Rule 12(b)(3) motion to seek dismissal or transfer under 28 U.S.C. § 1406(a) was erroneous. (Doc. 54). LNC argues removed actions are subject to a different venue statute, citing <u>Polizzi v. Cowles Magazines, Inc.</u>, 345 U.S. 663 (1953). LNC argues venue under 28 U.S.C. § 1391 plays no role regarding venue for an action removed under 28 U.S.C. § 1441. (Doc. 54). LNC seeks sanctions under Rule 11(b)(1) and (b)(2), individually and jointly, against Defendants' counsel and the law firm of

5

Hudson, Potts & Bernstein, LLP. (Doc. 54). LNC also seeks sanctions under Rule 11(c)(1), to include expenses and attorneys' fees. (Doc. 54).

Defendants responded with their own request for sanctions against LNC for filing frivolous sanctions motions. (Doc. 65). Defendants argue LNC's Rule 11 Motion for Sanctions is frivolous considering they "pared down" their Motion to Transfer to exclude the alleged "offending" arguments prior to LNC filing its Rule 11 Motion. (Doc. 65). LNC's opposition to the Motion to Transfer took issue with Defendants' arguments pertaining to 28 U.S.C. § 1391 and 28 U.S.C. § 1406(a). (Doc. 36). Thereafter, Defendants replied and asserted they were paring down the motion to be decided solely to the issue of transfer under 28 U.S.C. § 1404(a). (Doc. 40). Defendants argue that, nevertheless, LNC maintained its Rule 11 Motion for Sanctions. (Doc. 65). Defendants argue that the committee notes of 1993 state that if the alleged violation is corrected within 21 days after service ("safe harbor"), the Rule 11 Motion for Sanctions should not be filed with the court. (Doc. 65). Defendants assert LNC should be sanctioned for its frivolous sanction motions. (Doc. 65).

## II. Law and Analysis

Rule 11 of the Federal Rules of Civil Procedure requires attorneys to certify that their claims are well-grounded in fact and in law, and their filings are not being presented for any improper purpose. Fed. R. Civ. P. 11(b). Absent improper purpose, a Rule 11 violation must be predicated on the certification of some legal or factual claim. Edwards v. Gen. Motors Corp., 153 F.3d 242, 245 (5th Cir. 1998).

6

Rule 11 provides that sanctions may be imposed against a party who signs a pleading that is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for its extension, or (3) interposed needlessly and solely for the purpose of delay. City of El Paso, Tex. V. City of Socorro, Tex., 917 F.2d 7, 8 (5th Cir. 1990) (citing Sheets v. Yamaha Motors, Corp., U.S.A., 891 F.2d 533, 535 (5th Cir. 1990)). Although the rule imposes a duty of reasonable inquiry into the law, Rule 11 does not make the signature on a pleading or other covered document an absolute guarantee as to the correctness of the theory of law upon which it is grounded. City of El Paso, Tex., 917 F.2d at 8 (citing Smith Int'l, Inc. v. Texas Commerce Bank, 844 F.2d 1193 (5th Cir. 1988)).

In determining whether reasonable inquiry into the legal basis behind a pleading has been made, courts must consider "the time available to the attorney to prepare the document, the plausibility of the legal view contained in the document…and the complexity of the legal and factual issues raised." City of El Paso, Tex., 917 F.2d at 8 (citing Thomas v. Capital Security Services, Inc., 836 F.2d 866, 875-76 (5th Cir. 1988)). The Fifth Circuit has noted that jurisdiction and removal are some of the most difficult areas in federal law. City of El Paso, Tex., 917 F.2d at 9.

Defendants assert LNC's second motion for Rule 11 sanctions is meant to intimidate and harass. (Doc. 65). Citing to the advisory committee notes to the 1993 amendment, Defendants argue Rule 11 should not be used to intimidate an adversary into withdrawing contentions that are fairly debatable. (Doc. 65). Further,

7

Defendants argue that a motion for sanctions under Rule 11(c)(2) may not be filed until at least 21 days after service of the motion on the offending party. (Doc. 65).

"If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court." Fed. R. Civ. P. 11(b), (c) advisory committee's note to 1993 amendment.

Here, Defendants assert that they were unaware of the precedent cited by LNC – that removal of a case to federal court is an exception to the normal venue rules and case law cited by Defendants in their Motion to Transfer. (Doc. 65). However, once aware of it, on July 17, 2017, Defendants filed a reply to LNC's opposition and voluntarily revised their position to transfer. (Doc. 40). Defendants asserted transfer under 28 U.S.C. § 1404(a) only, rather than dismissal under 28 U.S.C. § 1391. (Doc. 40). Defendants state this was four days after LNC served its "safe harbor" motion on Defendants. (Doc. 65).

Defendants further assert that LNC itself recognized that Defendants position to transfer under 28 U.S.C. § 1404(a) was a viable claim. (Docs. 40, 54, 65). Defendants assert LNC, nonetheless, filed its Rule 11 Motion for Sanctions on August 4, 2017. (Docs. 54, 65). Defendants assert sanctions against LNC, citing Smith v. Psychiatric Sols., Inc., 750 F.3d 1253, 1260 (11th Cir. 2014) that a cross-motion for sanctions is not required. (Doc. 65). Defendants, citing Smith, 750 F.2d at 1260, assert the Court is authorized to award fees to a party that successfully opposes a Rule 11 sanctions motion. (Doc. 65).

8

LNC responded arguing that Defendants "paring down" was not a withdrawal – that Defendants continued to assert their Rule 12(b)(3) motion "knowing full well there is no factual or legal basis for asserting improper venue." (Doc. 68). However, Defendants made it clear, albeit informally, they revised their position to "transfer under § 1404 only, rather than to dismiss under 28 U.S.C. § 1391." (Doc. 40).

Additionally, a Report and Recommendation has issued recommending this suit be remanded to the Louisiana Fourth Judicial District Court for lack of subject matter jurisdiction and untimely removal. (Doc. 71). Further, a Report and Recommendation has been issued recommending Defendants' Motion to Dismiss and Transfer (Doc. 21) be denied since there does not appear to be federal diversity jurisdiction over this case in any federal court. (Doc. 71). LNC's Rule 11 Motion for Sanctions (Doc. 54) should be denied as moot.

III. Conclusion

Accordingly,

IT IS RECOMMENDED that LNC's Rule 11 Motion for Sanctions (Doc. 54) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of January, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge